# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT DUBINSKI, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:14-cv-00551-TWP-DKL ) |
| SENTRY INSURANCE A MUTUAL COMPANY, | ) ) |
| Defendant. | ) |

## ENTRY ON MOTION TO CERTIFY CLASS

This matter is before the Court on a Motion to Certify Class ([Filing No. 22](#)) filed by Plaintiff Robert Dubinski ("Mr. Dubinski") on behalf of himself and all others similarly situated. Mr. Dubinski seeks to represent a class of individuals who claim they were also subjected to Defendant Sentry Insurance's ("Sentry") breach of contract in its automobile insurance "Payback Agreement" and its duty of good faith. For the reasons set forth below, Mr. Dubinski's Motion to Certify is **GRANTED**.

## I.   BACKGROUND

Sentry is an insurance company headquartered in Wisconsin that does business in Indiana. In 1987 Sentry introduced the Payback endorsement in Indiana. Sentry's "Payback Agreement" provided that an insured would receive at the end of each consecutive five-year claim-free period a refund of one-half of the premium paid for the first year of that period, and that the insured would continue to receive a one-half refund in each subsequent claim-free year thereafter. The Payback Agreement also provided that Sentry would renew the policy as long as the insured resided in a state where the policy was offered, met Sentry's eligibility requirements, and met Sentry's underwriting standards. In 1990 Sentry issued a policy with the Payback endorsement to Mr.

Dubinsky, which Mr. Dubinsky renewed every six months thereafter. In November 2013 Sentry informed the Indiana Department of Insurance that it would cease writing and non-renew standard automobile policies in Indiana, and that it would provide statutory notice to policyholders. In December 2013 Sentry sent a letter to Mr. Dubinsky informing him that it would not renew his auto insurance policy and would provide a refund for policy year 2009 but not for policy years 2010, 2011, 2012, or 2013. Mr. Dubinsky claims that Sentry has similarly engaged in a practice of non-renewal of policies for hundreds[1] of other Indiana residents who have auto insurance policies that include the Payback Agreement. Mr. Dubinsky filed a Complaint alleging that Sentry breached this agreement when it non-renewed all Payback Agreement policies starting in 2013–2014. He moves the Court to certify the following Plaintiff Class in this action:

> All persons in the State of Indiana who had an Indiana auto insurance policy with Sentry Insurance A Mutual Company ("Sentry") with a Payback Agreement endorsement and who: (1) were sent a letter informing them that the policy had been non-renewed as part of Sentry's nonrenewal of Indiana standard consumer policies; and (2) and no claims or losses under the policy in the year preceding the nonrenewal.

Additionally, Mr. Dubinski requests that the Court appoint him as Class Representative of this Plaintiff Class, and appoint his counsel, Cohen & Malad LLP, and Bunger & Robertson, LLP, as Class Counsel for this Plaintiff Class.

## II. LEGAL STANDARD

To certify a plaintiff class under Federal Rule of Civil Procedure 23, the plaintiffs must first satisfy all four elements of Rule 23(a) by demonstrating that: (1) the class is too numerous to join all members; (2) there are questions of law or fact common to the class; (3) the claims or defenses of representative parties are typical of those of the class members; and (4) the representative parties will fairly and adequately represent the class. As the Seventh Circuit has

---

[1] Plaintiff has submitted a Class List of over 1,200 people (Filing No. 40-2).

noted, the plaintiffs must satisfy the trial court, "after a rigorous analysis," that the prerequisites of Rule 23(a) have been satisfied. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (quoting *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160–61 (1982)). If these requirements are met, the plaintiffs must also satisfy at least one subsection of Rule 23(b). Rule 23(b)(2) applies if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) applies if the court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3).

The parties seeking class certification bear the burden of proof in establishing each of the requirements under Rule 23. *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90 (7th Cir. 1977). The failure to satisfy any one of these elements precludes certification. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). In deciding whether to certify a class, the court is not required to accept the allegations in the complaint as true. The court should make any factual and legal inquiries needed to ensure that the requirements for class certification are satisfied, even if the underlying considerations overlap with the merits of the case. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001); *In re Bromine Antitrust Litigation*, 203 F.R.D. 403, 407 (S.D. Ind. 2001). In evaluating class certification, the court must take into consideration the substantive elements of the plaintiff's cause of action, inquire into the proof necessary for the various elements, and envision the form that trial on the issues would take. *Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 377 (S.D. Ill. 2008).

Throughout this analysis, the court bears in mind that a principal purpose of class certification is to save the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical manner. *See Falcon*, 457 U.S. at 155. In doing so, Rule 23 gives the district courts "broad discretion to determine whether certification of a class-action lawsuit is appropriate." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008) (internal quotation omitted).

## III. ANALYSIS

Although the parties both stipulate that a class should be certified under Rule 23(a) and 23(b)(3), (Filing No. 40), Rule 23 sets forth explicit requirements for class certification which the Court will address in turn.

### A. Class Certification

The Court finds that the elements of Rule 23(a); numerosity, commonality, typicality, and adequacy are met in this case. The class satisfies the "numerosity" requirement because it is made up of over 1,200 people, such that "joinder of all members is impracticable." *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 296 (S.D. Ind. 2013) ("Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)."). The class satisfies the "commonality" requirement because all class members share the common issue of whether Sentry's non-renewal of the Payback Agreement policies without paying one-half of all accrued premiums was a breach of the form Payback Agreement policy. *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 799 (7th Cir. 2013) (commonality met where issue was whether common washer model class members purchased was defective) *cert. denied*, 134 S. Ct. 1277, 188 L. Ed. 2d 298 (2014). Mr. Dubinski satisfies the "typicality" requirement because he was treated the same as the rest of the class and shares the same legal claims. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th

Cir. 2009) (typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large"). Mr. Dubinski also meets the "adequacy" test because his claims are typical of the class, he has no interests antagonistic to the class, and he has advocated on their behalf through qualified counsel. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011) (adequacy "consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel").

The requirements of Rule 23(b)(3) are likewise met. Sentry's one standard form Payback Agreement policy and one uniform decision to non-renew all such policies means that the common issue of whether the non-renewal was a breach predominates over any individual issues. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) ("[P]redominance requirement is satisfied when common questions represent a significant aspect of a case and . . . can be resolved for all members of a class in a single adjudication."). Likewise, certification for settlement purposes is the superior method to adjudicate the over 1,200 claims because it resolves all of these relatively small-value claims in one action. *Butler*, 727 F.3d at 799; *see also Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."). Because Rule 23(a) and 23(b)(3) are satisfied, the Court will certify the class stated above.

**B.** **Class Counsel**

Mr. Dubinski further asks the Court to appoint him as the representative of the class and that his counsel serve as counsel for that class. Mr. Dubinski is an appropriate person to serve as

5

Class Representative and counsel is highly experienced in class-action litigation. *See, e.g.*, *In re Iowa Ready-Mix Concrete Antitrust Litig.*, No. C 10-4038-MWB (N.D. Iowa Nov. 9, 2011), ECF No. 309 (awarding Cohen & Malad LLP more than the requested attorneys' fees based on "fabulous results" achieved for class with "incredible efficiency"). Therefore, the Court **grants** this request.

## IV. CONCLUSION

For the forgoing reasons, the Court concludes that Mr. Dubinski's proposed class definitions satisfy the threshold requirements of numerosity, commonality, typicality, and adequacy under Rule 23(a) and requirements under Rule 23(b). Accordingly, Mr. Dubinski's Motion to Certify Class ([Filing No. 22](Filing No. 22)) is **GRANTED**. Mr. Dubinski's request that he serve as Class Representative and his counsel serve as Class Counsel is also **GRANTED**.

**SO ORDERED.**

Date: 02/10/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

6

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com